Thomas A. Vogele, Esq. (SBN 254557)
Timothy M. Kowal, Esq. (SBN 254709)
Brendan M. Loper, Esq. (SBN 282198)
THOMAS VOGELE & ASSOCIATES, APC
3199 Airport Loop Drive, Suite A-3
Costa Mesa, California 92626
Telephone: (714) 641-1232
Facsimile: (888) 391-4105
Email: tvogele@tvalaw.com

Special Litigation Counsel for Chapter 7 Trustee,
Thomas H. Casey

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA / SANTA ANA DIVISION**

| | |
|---|---|
| In Re<br><br>ROBERT A. FERRANTE,<br><br>Debtor.<br>______________________<br>THOMAS H. CASEY, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>MIA FERRANTE,<br><br>Defendant. | Bankruptcy Case No: 8:10-BK-10310-TA<br>Adversary Case No.:<br><br>Chapter 7<br><br>Courtroom: 5B<br><br>**CHAPTER 7 TRUSTEE'S ADVERSARY COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Thomas H. Casey, the Chapter 7 Trustee for the estate of Robert A. Ferrante ("**Plaintiff**"), brings this action against defendant Mia Ferrante ("**Defendant**") for declaratory relief, seeking (1) a judicial determination that any deed of trust recorded in favor of Defendant against real property located at 518 Harbor Island Drive, Newport Beach, California 92660 (the "**518 Property**") was reconveyed, thereby extinguishing any lien created by said deed of trust, and in the alternative, (2) that any lien in favor of Defendant recorded against the property does not attach to the proceeds from the sale of real property located at 518 Harbor Island Drive, Newport Beach, California 92660, due to there being no surplus proceeds.

In support of this adversary complaint, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157, 1334, and 1367. This is an adversary proceeding pursuant to the Federal Rules of Bankruptcy Procedure, Rule 7001, subparts (1), (2), and (9), and a core proceeding pursuant to 28 U.S.C. § 157(b)(2), subparts (A), (B), (K), and (O).

2. Pursuant to the requirements as set forth in Federal Rules of Bankruptcy Procedure, Rule 7008, Plaintiff states his consent to the entry of a final order or judgment by this Court.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a), and because all acts and conduct referenced in this Complaint occurred in the county of Orange in the state of California.

## PARTIES

4. Plaintiff Thomas H. Casey is and, at all times herein mentioned was, an individual residing in the county of Orange in the state of California. Plaintiff is the Chapter 7 Trustee appointed to the Chapter 7 Bankruptcy Case of Robert A. Ferrante ("**Debtor**") on or about February 8, 2011. This action is brought on behalf of the Debtor's estate by Plaintiff's Special Litigation Counsel, Thomas Vogele & Associates, APC.

5. Plaintiff is informed and believes and thereon alleges that Defendant is and, at all times herein mentioned was, an individual residing in the county of Orange in the state of California.

**GENERAL ALLEGATIONS**

6. Plaintiff is informed and believes and thereon alleges that on or about September 16, 1994, Debtor settled the 518 Harbor Island Drive Trust ("**518 Trust**"), naming himself as Grantor/Settlor and Trustee. The trust's corpus was a 5,900 square foot bayfront mansion located at 518 Harbor Island Drive, Newport Beach, California 92660 ("**518 Property**"). On its face, the 518 Trust purported to be a Qualified Personal Residence Trust ("**QPRT**"). However, the 518 Trust instrument also gave Debtor the right to the use of and the income from the 518 Trust during its 20-year term, along with a right to acquire the 518 Property prior to the termination of the 518 Trust.

7. At that time, the 518 Property was encumbered by a first deed of trust recorded on August 10, 1990 in favor of Bank of America in the current approximate amount of $1,065,391.08 ("**Bank of America Lien**").

8. On August 15, 1997, the Franchise Tax Board ("**FTB**") recorded a tax lien in the amount of $74,684.54 against the 518 Property, extending that lien by subsequent recording on January 11, 2007. The amount owing the FTB regarding this lien as of August 26, 2016 was $343,229.72.

9. On November 17, 1997, the FTB recorded a second lien in the amount of $1,333.79 against the 518 Property, extending it by recording on June 25, 2007.

10. On July 1, 1998, a third FTB lien in the amount of $436.80 was recorded against the 518 Property, extended by recording on April 16, 2008.

11. On September 20, 2016, the FTB filed an amended claim indicating the secured portion of the FTB claim was $232,447.19.

12. On September 6, 2000, the State of California Employment Development Department ("**EDD**") recorded a lien in the amount of $6,055.92 against the 518 Property, extending it by recording on April 12, 2010.

13. On May 20, 2004, Lt. Col. William Seay, U.S.M.C. Ret. ("Seay") obtained a judgment against Debtor in the amount of $2,471,057.16 in Los Angeles Superior Court (the "**Seay Judgment**"), and recorded an abstract of judgment with the Orange County Recorder's Office on May 20, 2004 (the "**Seay Lien**"). The Second District Court of Appeal subsequently affirmed the Seay Judgment and a remittitur issued, rending the Seay Judgment final. The abstract of judgment was renewed in 2010 and again renewed for protective purposes in 2013 and 2014. Plaintiff is informed and believes and thereon alleges that the value of the Seay Lien exceeds the sum of $6.5 million at this time.

14. On January 11, 2010, Debtor commenced his Chapter 7 bankruptcy case, after which Plaintiff was appointed trustee for Debtor's Chapter 7 estate.

15. On or about January 25, 2012, Debtor was granted a discharge in his bankruptcy case from the Court.

16. On June 14, 2012, a Trust Transfer Grant Deed was recorded in the Official Records of Orange County as Instrument No. 2012000337378, by which Richard C. Shinn as trustee of the 518 Harbor Island trust Dated Sept. 16, 1994 granted to Defendant an interest in the 518 Property pursuant to a $500,000.00 promissory note. A true and correct copy of that Trust Transfer Grant Deed is attached hereto and incorporated by reference herein as **Exhibit "1"**.

17. On that same date, a Deed of Trust With Assignment of Rents was recorded in the Official Records of Orange County as Instrument No. 2012000338465, with Richard C. Shinn, Trustee of the 518 Harbor Island Drive Newport Beach, California 92626 as Trustor, Fidelity National Title Company as Trustee, and Mia Ferrante as Beneficiary, for purposes of securing the $500,000.00 promissory note. A true and correct copy of that Deed of Trust is attached hereto and incorporated by reference herein as **Exhibit "2"**.

18. On June 18, 2012, Plaintiff instituted an adversary proceeding in this Court, Case No. 8:12-ap-01330-TA ("**Original Action**"), against Debtor and a number of other defendants, including the 518 Trust, alleging that those defendants were the alter-egos of Debtor and in possession of property rightfully belonging to the bankruptcy estate of Debtor. Included in those allegations were assertions by Plaintiff that the 518 Property belonged to Debtor's bankruptcy

estate, as the Plaintiff maintained that Debtor possessed an equitable interest in the property. While bare title to the 518 Property was held by the 518 Trust, Plaintiff alleged that the 518 Trust was actually Debtor's alter ego. Plaintiff alleged that Debtor enjoyed unfettered access to and control over the 518 Trust and the 518 Property, that Debtor had significant equitable interests in the 518 Property such that he was the actual owner of the property, and that Debtor possessed a contingent reversionary interest in the 518 Property. Plaintiff's Original Action maintained that the corpus of the 518 Trust – the 518 Property – rightfully belonged to Debtor's estate, and that the 518 Property should thus be turned over to Plaintiff for administration on behalf of the estate.

19. The ostensible trustee of the 518 Trust, Richard Shinn, has stated under penalty of perjury that the lien on the property in favor of Defendant was "inadvertently recorded". On September 14, 2012, a California Grant Deed was recorded in the Official Records of Orange County as Instrument No. 2012000539049, by which Defendant transferred to Richard C. Shinn, trustee of the 518 Harbor Island Trust, her interest in the 518 Property. A true and correct copy of that California Grant Deed is attached hereto and incorporated by reference herein as **Exhibit "3"**.

20. In connection with that Grant Deed, on October 9, 2012, a Deed of Full Reconveyance was recorded in the Official Records of Orange County as Instrument No. 2012000612284 by which Defendant's interest in the property was reconveyed to the 518 Trust. A true and correct copy of that California Grant Deed is attached hereto and incorporated by reference herein as **Exhibit "4"**.

21. On December 6, 2013, Plaintiff filed a motion for summary judgment and/or adjudication in the Original Action, which sought, among other things, an order that the 518 Trust was revocable. On January 23, 2014, the Court conducted a hearing on the motion and determined that the 518 Trust is and was revocable and rightfully belonged to Debtor's bankruptcy estate. On January 29, 2014, the Court issued its written order confirming its January 23 findings in granting the motion as to the issue of revocability of the 518 Trust. The Court's order also stated that Plaintiff could revoke the 518 Trust by filing a written statement of

revocation at any time, which would deem the 518 Property to be property of the bankruptcy estate.

22. On February 11, 2014, the 518 Trust and Debtor moved for reconsideration of the Court's January 29, 2014 order. On March 4, 2014, the Court heard that motion and denied it by written order on April 16, 2014. On April 7, 2014, Plaintiff revoked the 518 Trust, and on that same date the Court signed an order approving the revocation.

23. On April 30, 2014, Debtor and the 518 Trust filed notices of appeal with the Bankruptcy Appellate Panel ("BAP") as to the Court's January 29, 2014 and April 16, 2014 Orders and the matter was assigned case numbers CC-14-1222 and CC-14-1223, respectively. Pursuant to a ruling entered on August 26, 2015, the BAP affirmed the January 29, 2014 and April 16, 2014 orders.

24. On June 7, 2013, Seay filed a complaint in the United States Bankruptcy Court for the Central District of California against REMAR Investments, LP ("**REMAR**"), an entity who had recorded a deed of trust in 2010 against the 518 Property. The case was assigned as adversary case number 8:13-ap-01204-TA. The crux of Seay's complaint sought to adjudicate lien priority between Seay and REMAR – Seay alleged that his judgment lien attached to the 518 Property in 2004, senior to REMAR's lien.

25. On June 23, 2014, Plaintiff filed a complaint in a new adversary, case number 8:14-ap-01194-TA, against REMAR seeking relief similar to that pled by Seay. These two cases were consolidated under case number 8:13-ap-01204-TA (the "**REMAR Action**") and a Second Amended Complaint was filed jointly by Plaintiff and Seay.

26. On June 19, 2015, Seay filed a motion to establish the date of perfection of his lien, by which he sought a declaration that the Seay Lien attached to the 518 Property on May 20, 2004, when it was originally recorded. On September 14, 2015, Plaintiff and Seay re-filed the motion as a joint motion for summary judgment seeking a determination of when the Seay Lien attached to the 518 Property. On November 18, 2015, the Court granted the joint motion and issued an order determining that the Seay Lien attached to the 518 Property on May 20, 2004

("**November 18 Order**"). A true and correct copy of that order is attached hereto and incorporated by reference herein as **Exhibit "5"**.

27. On December 17, 2015, REMAR moved for the Court to correct, modify, or strike the November 18 Order; in a detailed ruling, the Court denied REMAR's motion.

28. On February 16, 2016, the Court issued a judgment determining that the Seay Lien "attached to the 518 Property on May 20, 2004 in the amount of $2,471,057.16…and said judgment was thereafter timely renewed as provided by law and accrued interest as allowed by law…" A true and correct copy of that judgment is attached hereto and incorporated by reference herein as **Exhibit "6"**.

29. On September 30, 2016, after years of extensive marketing, Plaintiff filed a motion to sell the 518 Property free and clear of liens ("**Sale Motion**") for a purchase price of $4.8 million. The Sale Motion proposed to pay the Bank of America Lien, the FTB liens recorded in 1997 and 1998, and the EDD lien recorded in 2000 through escrow. The sum total of these liens is approximately $1,303,894.19. The Sale Motion also sought to pay the costs of sale – approximately $336,000.00, plus another $90,614.35 in maintenance costs – of the property. All told, after payment of the costs of sale, maintenance costs, and the undisputed senior liens, Plaintiff believed there would be approximately $3,069.491.46 in equity in the property remaining.

30. On December 8, 2016, the Court issued an order approving the Sale Motion. A true and correct copy of that order ("**Sale Order**") is attached hereto and incorporated by reference herein as **Exhibit "7"**. The order permits Plaintiff to sell the 518 Property for $4,800,000.00, and further approved distribution of sale proceeds as follows:

a. For normal closing costs;
b. To Bank of America in the approximate amount of $1,065,391.08;
c. To the FTB in the approximate amount of $232,447.19;
d. To the EDD in the approximate amount of $6,055.92; and
e. To Plaintiff's real estate broker in the amount of 5% of the sale price.

## CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**

**DECLARATORY RELIEF RE EXTINGUISHMENT OF LIEN THROUGH RECONVEYANCE (F.R.B.P. 7001(2) & (9))**

31. Plaintiff re-alleges and fully incorporates paragraphs 1 through 30, above, as if set forth in full.

32. Under California law, recordation of a deed of reconveyance extinguishes any lien on the property created by the deed of trust. *Siegel v. American Savings & Loan Assn.*, 210 Cal.App.3d 953, 957 (1989).

33. Here, the trustee of the 518 Trust has stated under penalty of perjury that the lien in favor of Defendant was "inadvertently" recorded against the 518 Property, and that he subsequently reconveyed the lien to clear title. On September 14, 2012, a grant deed was recorded by which Defendant transferred/reconveyed her interest in the property back to the 518 Trust, as evidenced by the October Deed of Full Reconveyance.

34. An actual controversy now exists between Plaintiff and Defendant concerning Defendant's lien. Plaintiff is informed and believes and thereon alleges that the September 14, 2012 reconveyance served to extinguish Defendant's lien against the property. Defendant disputes that contention. Plaintiff therefore seeks a judicial determination of the parties' respective rights and duties, and a declaration that Defendant has no enforceable lien against the property.

**SECOND CLAIM FOR RELIEF**

**DECLARATORY RELIEF RE SOLD OUT JUNIOR LIENHOLDER (F.R.B.P. 7001(2) & (9))**

35. Plaintiff re-alleges and fully incorporates paragraphs 1 through 30, above, as if set forth in full.

36. California law provides that where a property is sold or foreclosed upon, junior liens are extinguished but attach to the surplus proceeds in order of their priority. California Civil Code Section 2924k, subdivision (a)(3), for example, directs a trustee to distribute proceeds from the sale of property to "satisfy the outstanding balance of obligations secured by any junior liens

or encumbrances in the order of their priority." California case law similarly notes that "subordinate liens against the…property attach to the surplus proceeds in order of their priority." (*Caito v. United California Bank* (1978) 20 Cal.3d 694, 701; see also 1 Miller & Starr, California Real Estate, § 3:120 at pp. 541-542 ["If there are surplus proceeds remaining after the satisfaction of the obligation, they are payable to junior lienors in the order of their priority"].)

37. California follows the "first in time, first in right" system of lien priorities (Civil Code § 2897), which provides that different liens upon the same property have priority according to the time of their creation. A senior judgment lien is entitled to satisfy its judgment in full, and has no obligation to share with junior creditors. (*Ministry of Def. & Support for Armed Forces of Islamic Republic of Iran v. Cubic Def. Sys., Inc.* (S.D. Cal. 2013) 984 F.Supp.2d 1070, 1097 (S.D. Cal. 2013).)

38. After sale of the 518 Property, payment of costs of sale, the senior Bank of America Lien, the FTB liens recorded in 1997 and 1998, and the EDD lien recorded in 2000, there exists approximately $3,069.491.46 in remaining proceeds from the sale. Plaintiff is informed and believes and thereon alleges that the value of the Seay Lien exceeds the sum of $6.5 million at this time. As the Seay Lien attached to the 518 Property on May 20, 2004, the Seay Lien is senior to any lien in favor of Defendant, which was not created until 2012 at the earliest.

39. An actual controversy now exists between Plaintiff and Defendant concerning Defendant's entitlement to any proceeds from the sale of the 518 Property. As detailed in the above paragraphs, Plaintiff contends and alleges that Defendant's lien is not enforceable at all, as it was reconveyed and extinguished. In the alternative, however, Plaintiff is informed and believes and thereon alleges that if Defendant still possesses a lien against the 518 Property, the remaining proceeds from the 518 Property sale are swallowed by the Seay Lien such that there are no surplus proceeds to which Defendant's lien can attach. Defendant disputes that contention. Plaintiff therefore seeks a judicial determination of the parties' respective rights and duties, and a declaration that there are no surplus proceeds to which any lien in favor of Defendant can attach, and as such Plaintiff is not required to disburse any sum from the proceeds to Defendant in connection with that lien.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

1. A judicial determination and declaration that any lien created in favor of Defendant against the 518 Property in 2012 is extinguished by subsequent reconveyance;

2. In the alternative, a judicial determination and declaration that, given the Seay Lien's senior position to Defendant's lien, there are no surplus proceeds from the sale of the 518 Property to which the lien can attach, and Plaintiff is not required to disburse any sum to reimburse that lien.

3. For costs of suit herein incurred; and

4. For such other and further relief as the court may deem proper.

DATED: February 20, 2017

THOMAS VOGELE & ASSOCIATES, APC

By:______________________________

Thomas A. Vogele
Brendan M. Loper
Special Litigation Counsel for Chapter 7 Trustee, Thomas H. Casey

# Exhibit "1"

Jun 13 12 08:06p p.3 10

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder
12.00
* $ R 0 0 0 4 8 8 9 3 3 6 $ *
2012000337378 8:54 am 06/14/12
10 414 G02 3
0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.00

RECORDI G REQUESTED BY:

WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO:

NAME: Richard C. Shinn
ADDRESS: ~~518 Harbor Island Court~~ 250 FISCHER AVE
CITY: Costa Mesa
STATE/ZIP: CA 92666

Title Order No.: XXXX-XX-XXXX Space Above This Line For Recorder's Use Escrow No. XXX-XXXX-XXX

# TRUST TRANSFER GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s):
DOCUMENTARY TRANSFER TAX is $ none no consideration CITY TAX $ none no consideration

☐ Computed on full value of property conveyed, or ☑ Computed on full value less value of liens or encumbrances remaining at time of sale or transfer.
☐ Unincorporated area: ☑ City of Newport Beach, and
☐ "This conveyance transfers the grantor's interest into his or her revocable trust, R & T 11911".
☐ Excluded from Reappraisal Under Proposition 13, California Constitution Article 13A § 1, et seq.
☒ This conveyance does not constitute a "change of ownership", R & T 62.

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Richard C. Shinn, trustee of the 518 Harbor Island trust Dated Sept. 16,1994

hereby GRANT(s) to

MIA FERRANTE, As a single Woman

the following described real property in the County of Otange, State of California (Assessor's Parcel No. 050-421-35): see Exhibit A & B

Dated: June 13, 2012

STATE OF CALIFORNIA
COUNTY OF Orange

On June 13, 2012 before me, Linda Maddox, Notary Public personally appeared, Richard C. Shinn, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature Linda Maddox

LINDA MADDOX
COMM. #1939123
Notary Public - California
Orange County
My Comm. Expires June 26, 2015

Jun 13 12 08:06p p.4

Exhibit A

DO NOT DESTROY THIS NOTE: When paid, this note, with Deed of Trust securing same, must be surrendered to Trustee for cancellation before reconveyance will be made.

# NOTE SECURED BY DEED OF TRUST

(INSTALLMENT - INTEREST INCLUDED)

$ _500.000.00"Five Hundred Thousand Dollars 00/00" _ _ _ _ _ _ _ _ _ _ _ _ _
_ _ _ . California , June 13,2012
In installments as herein stated, for value received, I promise to pay to _ _
_ _ Mia Ferrante, in a single balloon note, all payable in one year. Including all interest due at an annual amount of 6% per annum._ _ _ _ _ _ _ _ _ _ _ _ _ _

This note is secured by there deed of trust dated as of the June 13, 2012_ _ _ _
_assessor parcel number 050-421-35 _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

_ _ _or assignee to be designated by Richard C. Shin_ _ _ _ _ _ _ _ _ _ _ _ _ _
or order
at 25( Fischer Ave. Costa Mesa, Ca. 92666_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
the principal sum of _ _$ 500,000. _ _ _ _
_ _ _ _ _ _ _ _ _"Five Hundred US dollars and no cents'" _ _ _ _ _ _ _ _ _ _

_ _ _ _ _ _ _ _ _ ___ dollars with interest from _ date funds received_ _ _ _ _ _
_ _ _ _ _ _ _ _ _ on unpaid principal at the rate of _ 6% _ _ _ _ _ _ _ _ _ _ _
_ _ _ percent per annum; principal and interest payable in installments of _ _
_ _ _ _balloon note only _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

_ _ _ _ ___dollars or more on the _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ day of each _ _
_ _ _ _ month, beginning on the _ _day funds
received, _ _ _ _ _ _ _ _day of _June 13th, 2012 _
and continuing until

Each payment shall be credited first on interest then due; and the remainder on principal; and the interest shall thereupon cease upon the principal so credited. Should default be made in payment of any installment of principal and interest, the whole sum of principal and interest shall, at the option of the holder of this note, become immediately due. Principal and interest payable in lawful money of the United States. If action be instituted on this note, the undersigned promise_ _ _ to pay such sum as the Court may adjudge as attorney's fees. This note is secured by a DEED OF TRUST to , **a corporation, as Trustee.**

______________________
Richard c. Shinn,
Trustee of th 518 Harbor Island Trust dated September 12, 1994

______________________

Exhibit B

LEGAL DESCRIPTION

Parcel 1:

Lot 38 of tract no. 3867, in the City of Newport Beach, County of Orange, State of California, as per map recorded in book 301 pages 40 to 46 inclusive of Miscellaneous Maps, in the office of the County Recorder of said County.

Except therefrom all oil, gas minerals and other hydrocarbon substances lying below a depth of 500 feet from the surface of said property, but with no right of surface entry, as provided in deeds of record.

Also excepting subsurface water rights, but without the right of entry to the surface or the subsurface above a depth of 500 feet as dedicated on the map of said tract.

PARCEL 2:

An exclusive appurtenant easement for the Pier Mooring and maintenance purposes over that portion of Lot A of tract no. 3867, in the City of Newport Beach, County of Orange, State of California, as per map recorded in book 301 pages 40 to 46 inclusive of Miscellaneous Maps, in the office of the County Recorder of said County, adjoining said lot described in Parcel 1 above, lying between and Bulkhead Line and Pierhead line and the prolonged side property lines of Parcel 1 above, as shown on the map of said tract.

APN: 050-421-35

PLEASE INITIAL HERE PLEASE INITIAL HERE

APPROVED: DATE 2/15/94

PLEASE SIGN & RETURN

# Exhibit “2”

**Recorded in Official Records, Orange County**
**Tom Daly, Clerk-Recorder**
27.00
* $ R 0 0 0 4 8 9 1 5 1 7 $ *
**2012000338465 3:06 pm 06/14/12**
**10 414 D11 A36 5**
**0.00 0.00 0.00 0.00 12.00 0.00 0.00 0.00**

**When recorded mail to:**
RICHARD C. SHINN
250 Fischer Avenue
Çosta Mesa, CA. 92626
714-883-8810

Title No. XXX
Escrow No. XXX

**DEED OF TRUST WITH ASSIGNMENT OF RENTS**

This DEED OF TRUST, made this 14th day of June , 20 12between
RICHARD C. SHINN, Trustee of the 518 Harbor Island Drive Newport Beach, California 92626

herein called TRUSTOR

whose address is 250 Fischer Avenue costa Mesa, California 92626

**FIDELITY NATIONAL TITLE COMPANY,** a California corporation, herein called TRUSTEE, and
MIA FERRANTE

herein called BENEFICIARY

Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale that property in the County of ORANGE, State of California, described as follows:
518 Harbor Island Drive, Newport Beach, California 92660
See Exhibit A for legal description

A.P.N. 050-421-35

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING (1) payment of the sum of ($) 500,000.00 Dollars with interest thereon according to the terms of a promissory note or notes of even date herewith made by TRUSTOR, payable to order of BENEFICIARY, and extensions or renewals thereof; (2) the performance of each agreement of TRUSTOR incorporated by reference or contained herein or reciting it is so secured; (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his or her successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

A. To protect the security of this Deed of Trust, and with respect to the property above described, Trustor agrees:

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of the law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge, or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his or her reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby, any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B. It is mutually agreed:

(1) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him or her in the same manner and with the same effect as above provided for disposition or proceeds of fire or other insurance.

(2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his or her right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(3) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability or any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent
to making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4) That upon written request of beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his or her own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any convenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor of successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. The term Beneficiary shall mean the owner and holder , including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

(9) The Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obliged to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by laws.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him or her at his or her address hereinbefore set forth.

Trustor signature

Trustor signature

Trustor signature

Trustor signature

State of California

County of Orange

On June 14, 2012 before me, ~~RICHARD C. SHINN~~ Grace M. Sullivan, Notary Public (here insert name and title of the officer), personally appeared Richard C. Shinn, who proved to me on the basis of satisfactory evidence to be the person(~~s~~) whose name(~~s~~) is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she~~/~~they~~ executed the same in his/~~her~~/~~their~~ authorized capacity(~~ies~~), and that by his/~~her~~/~~their~~ signature(~~s~~) on the instrument the person(~~s~~), or the entity upon behalf of which the person(~~s~~) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature Grace M Sullivan (Seal)

GRACE M. SULLIVAN
Commission # 1960104
Notary Public - California
Orange County
My Comm. Expires Nov 12, 2015

F:\APPS\WDATA\AADOC\DTLNGFRM.DOC (T370LEGAL(1/94))



H:\DOCS\JMATHERLY\CTT-FNF HYPERLINK - NOTARY DOCS\DEED OF TRUST - LONG FORM.doc

LEGAL DESCRIPTION

Parcel 1:

Lot 38 of tract no. 3867, in the City of Newport Beach, County of Orange, State of California, as per map recorded in book 301 pages 40 to 46 inclusive of Miscellaneous Maps, in the office of the County Recorder of said County.

Except therefrom all oil, gas minerals and other hydrocarbon substances lying below a depth of 500 feet from the surface of said property, but with no right of surface entry, as provided in deeds of record.

Also excepting subsurface water rights, but without the right of entry to the surface or the subsurface above a depth of 500 feet as dedicated on the map of said tract.

PARCEL 2:

An exclusive appurtenant easement for the Pier Mooring and maintenance purposes over that portion of Lot A of tract no. 3867, in the City of Newport Beach, County of Orange, State of California, as per map recorded in book 301 pages 40 to 46 inclusive of Miscellaneous Maps, in the office of the County Recorder of said County, adjoining said lot described in Parcel 1 above, lying between and Bulkhead Line and Pierhead line and the prolonged side property lines of Parcel 1 above, as shown on the map of said tract.

APN: 050-421-35

PLEASE INITIAL HERE

PLEASE INITIAL HERE

APPROVED: DATE 2/13/94

PLEASE SIGN & RETURN

# Exhibit "3"

Recording requested by
Mia Ferrante
250 Fischer Ave.
Costa Mesa, CA 92626

and when recorded, please return this deed and tax statements to:
Mia Ferrante
250 Fischer Ave.
Costa Mesa, CA 92626

**Recorded in Official Records, Orange County**
**Tom Daly, Clerk-Recorder**
12.00
*$R0005151330$*
2012000539049 10:20 am 09/14/12
62 417 G02 3
0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.00

# California Grant Deed

[ ] This transfer is exempt from the documentary transfer tax
[✓] The documentary transfer tax is $ no consideration and is computed on:
[ ] the full value of the interest in the property conveyed
[ ] the full value less the value of liens of encumbrances remaining at the time of sale

The property is located in an [ ] unincorporated area. [✓] the city of Newport Beach, CA 92660

For a valuable consideration, receipt of which is hereby acknowledged,

Mia Ferrante

hereby grant(s) to Richard C. Shinn, trustee of the 518 Harbor Island Trust

the following real property in the City of Newport Beach, County of Orange, state of California:

518 Harbor Island Drive
Newport Beach, CA 92660
see legal description attached

Date: 9-12-12 [signature] Mia Ferrante

Date: ______________ ______________________

State of ______________)
County of ______________) ss:

On ______________, 19___, before me, ______________________, a notary public in and for said state personally appeared ______________________, personally known to me (or proved to me based upon satisfactory evidence) to be the person(s) whose name(s) are subscribed to the within instrument and acknowledged that (s)he/they executed the same in his/her/their signature on the instrument the person(s) or entity on behalf of which they acted, executed the instrument.

SEE ATTACHED CALIFORNIA ACKNOWLEDGEMENT

SEE ATTACHED CALIFORNIA ACKNOWLEDGEMENT

Signature of Notary ______________ NOTARY SEAL

©Copyright 1996 - Do Not Copy Without the Express Written Permission of the Publisher

LEGAL DESCRIPTION

Parcel 1:

Lot 38 of tract no. 3867, in the City of Newport Beach, County of Orange, State of California, as per map recorded in book 301 pages 40 to 46 inclusive of Miscellaneous Maps, in the office of the County Recorder of said County.

Except therefrom all oil, gas minerals and other hydrocarbon substances lying below a depth of 500 feet from the surface of said property, but with no right of surface entry, as provided in deeds of record.

Also excepting subsurface water rights, but without the right of entry to the surface or the subsurface above a depth of 500 feet as dedicated on the map of said tract.

PARCEL 2:

An exclusive appurtenant easement for the Pier Mooring and maintenance purposes over that portion of Lot A of tract no. 3867, in the City of Newport Beach, County of Orange, State of California, as per map recorded in book 301 pages 40 to 46 inclusive of Miscellaneous Maps, in the office of the County Recorder of said County, adjoining said lot described in Parcel 1 above, lying between and Bulkhead Line and Pierhead line and the prolonged side property lines of Parcel 1 above, as shown on the map of said tract.

APN: 050-421-35

PLEASE INITIAL HERE PLEASE INITIAL HERE

APPROVED: DATE 2/11/94

PLEASE SIGN & RETURN

# CALIFORNIA ALL-PURPOSE CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of Orange

On SEPTEMBER 12, 2012 before me, Pamela F. Martin, Notary Public,
(Here insert name and title of the officer)

personally appeared MIA FERRANTE,

who proved to me on the basis of satisfactory evidence to be the person~~(s)~~ whose name~~(s)~~ is/~~are~~ subscribed to the within instrument and acknowledged to me that ~~he~~/she/~~they~~ executed the same in ~~his~~/her/~~their~~ authorized capacity(~~ies~~), and that by ~~his~~/her/~~their~~ signature~~(s)~~ on the instrument the person~~(s)~~, or the entity upon behalf of which the person~~(s)~~ acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Pamela F. Martin
Signature of Notary Public

(Notary Seal)

PAMELA F. MARTIN
Commission # 1907397
Notary Public - California
Orange County
My Comm. Expires Nov 5, 2014

## ADDITIONAL OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

CALIFORNIA GRANT DEED
(Title or description of attached document)

LOT 38 TRACT 3867
(Title or description of attached document continued)

Number of Pages 2 Document Date 9/12/12

(Additional information)

CAPACITY CLAIMED BY THE SIGNER
- ☐ Individual (s)
- ☐ Corporate Officer

(Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other

INSTRUCTIONS FOR COMPLETING THIS FORM

*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. ~~he~~/she/~~they~~, is /~~are~~ ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

# Exhibit “4”

RECORDING REQUESTED BY
Richard Shinn

AND WHEN RECORDED, MAIL THIS DEED AND, UNLESS OTHERWISE SHOWN BELOW, MAIL TAX STATEMENT TO:

Name: Richard Shinn
Street Address: 250 Fischer Avenue
City, State & Zip code: Costa Mesa, CA. 92626

TITLE ORDER NO. ________ ESCROW NO ________

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder
12.00
*$R0005222178$*
2012000612284 2:40 pm 10/09/12
62 417 R01 2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF FULL RECONVEYANCE

Whereas, Richard Shinn, the Trustee ___ under the Deed of Trust dated 09-12-2012, made and executed by Mia Ferrante as Trustor(s) to Mia Ferrante as beneficiary and recorded as Instrument No. 2012000539049, on 09-14-2012, in Book 301 at Page 48 of the Office Records in the Office of the Recorder of Orange County, State of California having received from Beneficiary ___ under said Deed of Trust a written request to reconvey, reciting that all sums secured by said Deed of Trust have been fully paid, and said Deed of Trust and the note or notes secured thereby having been surrendered to the Trustee ___ for cancellation, do ___ hereby reconvey, without warranty, to the person or persons legally entitled thereto, all right, title and interest heretofore acquired and now held by said Trustee under said Deed of Trust, in the real property commonly know as 518 Harbor Island Drive situated in the County of Orange, State of California, and more particularly described as follows:
see legal description attached

Date: 10/9/2012

[signature]
Richard C. Shinn
________________, as Trustee __

STATE OF California
COUNTY OF Orange

On Oct 09 2012, before me, Dyann M. Kipling, a Notary Public, personally appeared Richard Clarke Shinn who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal.

Signature [signature] (SEAL)

RIGHT THUMBPRINT (Optional)

CAPACITY CLAIMED BY SIGNER(S)
☐ INDIVIDUAL(S)
☐ CORPORATE OFFICER(S) ________ (TITLES)
☐ PARTNER(S) ☐ LIMITED ☐ GENERAL
☐ ATTORNEY IN FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: ________

SIGNER IS REPRESENTING:
Name of Person(s) or Entity(ies)

DYANN M. KIPLING
Commission # 1886088
Notary Public - California
Orange County
My Comm. Expires Apr 17, 2014

LEGAL DESCRIPTION

Parcel 1:

Lot 38 of tract no. 3867, in the City of Newport Beach, County of Orange, State of California, as per map recorded in book 301 pages 40 to 46 inclusive of Miscellaneous Maps, in the office of the County Recorder of said County.

Except therefrom all oil, gas minerals and other hydrocarbon substances lying below a depth of 500 feet from the surface of said property, but with no right of surface entry, as provided in deeds of record.

Also excepting subsurface water rights, but without the right of entry to the surface or the subsurface above a depth of 500 feet as dedicated on the map of said tract.

PARCEL 2:

An exclusive appurtenant easement for the Pier Mooring and maintenance purposes over that portion of Lot A of tract no. 3867, in the City of Newport Beach, County of Orange, State of California, as per map recorded in book 301 pages 40 to 46 inclusive of Miscellaneous Maps, in the office of the County Recorder of said County, adjoining said lot described in Parcel 1 above, lying between and Bulkhead Line and Pierhead line and the prolonged side property lines of Parcel 1 above, as shown on the map of said tract.

APN: 050-421-35

PLEASE INITIAL HERE PLEASE INITIAL HERE

APPROVED: DATE 2/17/94

PLEASE SIGN & RETURN

# Exhibit “5”

Thomas A. Vogele, Esq. (SBN 254557)
Timothy M. Kowal, Esq. (SBN 254709)
Brendan M. Loper, Esq. (SBN 282198)
THOMAS VOGELE & ASSOCIATES, APC
3199 Airport Loop Drive, Suite A-3
Costa Mesa, California 92626
Telephone: (714) 641-1232
Facsimile: (888) 391-4105
Email: tvogele@tvalaw.com

Special Litigation Counsel for Chapter 7 Trustee, Thomas H. Casey.

FILED & ENTERED

NOV 18 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY deramus DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In Re<br><br>ROBERT A. FERRANTE,<br><br>Debtor. | Bankruptcy Case No.: 8:10-BK-10310-TA<br>Lead Adv. Case No.: 8:13-AP-01204-TA<br><br>Action Filed: June 7, 2013<br>Trial Date: None Set<br><br>Consolidated Adv. Case No.: 8:14-AP-01194-TA |
| LT. COL. WILLIAM SEAY (U.S.M.C., Ret.),<br><br>Plaintiff,<br><br>vs.<br><br>REMAR INVESTMENTS, LP, a Nevada limited partnership, et al.<br><br>Defendant(s). | Action Filed: June 23, 2014<br>Trial Date: None Set<br><br>Chapter 7<br><br>Courtroom: 5B<br><br>**ORDER ON MOTION FOR ORDER ESTABLISH DATE OF PERFECTION OF SEAY JUDGMENT LIEN**<br>**[Related Docket No. 188]** |
| AND CONSOLIDATED ACTION AND RELATED COUNTER ACTIONS | Hearing Date: October 27, 2015<br>Hearing Time: 11:00 a.m.<br>Courtroom: 5B |

On October 27, 2015, at 11:00 a.m. in Courtroom 5B of the above-mentioned Court, the Motion for Order Establishing Date of Perfection of Seay Judgment Lien ("Motion"), filed by plaintiff and judgment creditor William Seay ("Col. Seay") and plaintiff and Chapter 7 Trustee Thomas H. Casey ("Trustee") (collectively, "Plaintiffs") came on

regularly for hearing. Brian C. Lysaght, Esq. of Lysaght Law Group LLP appeared on behalf of Judgment Creditor Col. Seay. Brendan M. Loper, Esq. appeared on behalf of the Trustee, and Richard W. Millar, Jr., Esq., of Millar, Hodges & Bemis appeared on behalf of defendant Remar Investments, LP ("REMAR").

Having considered the relevant moving, opposition, and reply papers, the attached declarations and evidence, and oral argument offered at the hearing, and GOOD CAUSE appearing therefor, it is hereby ordered as follows:

(1) The Motion is GRANTED, for the reasons set forth in the tentative ruling attached hereto as **Exhibit 1**;

(2) Plaintiffs' exhibits filed in support of their Joint Supplemental Brief on the Motion are admitted into evidence;

(3) Exhibit No. 201, introduced at the hearing by counsel for Col. Seay, is admitted into evidence.

**###**

Date: November 18, 2015

Theodor C. Albert
United States Bankruptcy Judge

# - EXHIBIT 1-

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Tuesday, October 27, 2015** **Hearing Room 5B**

---

11:00 AM

**8:10-10310 Robert A. Ferrante** **Chapter 7**

Adv#: 8:13-01204 Lt Col William Seay (U.S.M.C. Ret) v. Remar Investments LP et al

**#15.00** Rule 56 Motion
(Cont'd from 9-01-15 motion by Judgment Creditor Seay for Order Establishing Date of Perfection of Seay Judgment Lien )

Docket 188

**Tentative Ruling:**

Tentative for 10/27/15:

This is a summary judgment hearing on Judgment Creditor William Seay's ("Seay") together with the Trustee's Motion for Order Establishing Date of Perfection of Seay Judgment Lien. Hearings were held on the motion on July 30, 2015 and September 1, 2015, at which time the court continued the hearing to the current date and treated the motion as one under Rule 56. In its tentative decision for the July 30 hearing the court asked Seay to provide authority that supported the "proposition that a lien is automatically created against real estate ostensibly owned by a revocable trust by reason of a recorded judgment against the settlor." The Chapter 7 Trustee and Seay (collectively the "Movants") have filed a joint brief and Remar has opposed.

**A. Facts**

The following are either not contested or are well supported by either recorded documents or in the court's own files.

Ferrante settled the 518 Harbor Island Trust ("the 518 Trust") as both grantor and trustee on September 16, 1994. By its terms the 518 Trust claimed to be a Qualified Personal Residence Trust ("QPRT") whose sole asset was the property located at 518 Harbor Island Drive, Newport Beach. The 518 Trust was described by its terms in one place as "irrevocable." Seay obtained a judgment against Ferrante on May 4, 2004. An abstract of judgment was recorded as document 2004000453190 in the Orange County Recorder's office on May 20, 2004 against Ferrante. The judgment

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Tuesday, October 27, 2015** **Hearing Room 5B**

11:00 AM
**CONT... Robert A. Ferrante** **Chapter 7**

was renewed in 2010, 2014 and 2015. Between 2001 and 2009 there were several transfers of the 518 property between multiple parties. Of particular significance, on March 27, 2001 a deed was recorded from Ferrante as trustee of the 518 Trust dated March 27, 2001 to Seay as trustee for something called "The 518 Harbor Island Trust III." ("Trust III") As should be evident from the judgment there was apparently a falling out in meantime between Seay and Ferrante, and consequently trustees replaced, since by September 29, 2006 one Debra Martinez had become trustee of Trust III and by grant deed recorded that date granted the property as trustee to Oscar Chacon as trustee *back to the 518 Trust*. But unlike the 518 Trust, Trust III was *made clearly revocable by its terms*. On September 16, 2009 a deed of trust executed by Mr. Chacon as trustee of the 518 Trust was recorded on the 518 Property by Remar. On December 27, 2010 a second deed of trust between Chacon as trustee of the 518 Trust and Remar was recorded on the 518 Property. The main question presented by this motion is the relative priority between the Seay judgment lien and the Remar deed of trust.

Ferrante filed his bankruptcy protection on January 11, 2010. Pursuant to an order entered January 29, 2014 and amended March 5, 2014, this court found that the 518 Trust was revocable. The court's order was affirmed by the BAP in an opinion dated August 26, 2015. Movants contend that the lien created by the abstract of judgment recorded May 20, 2004 has priority over the liens created by the recording of the Remar deeds of trust. Remar contends in contrast that since the judgment lien was against Ferrante it qualifies as a *bona fide* encumbrancer without knowledge of the Seay lien, and since the Seay lien is outside the chain of title, Remar's trust deed takes priority.

**B. Summary Judgment standards**

FRBP 7056 makes FRCP 56 applicable in bankruptcy proceedings. FRCP 56 (c) provides that judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FRCP 56(e) provides that supporting and opposing

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**



affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein, and that sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served forthwith. FRCP 56(e) further provides that when a motion is made and supported as required, an adverse party may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial.

Pursuant to Rule 56(c), summary judgment is appropriate against a party who fails to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). There can be no genuine issue of material fact since the complete failure of proof regarding an essential element of the nonmoving party's case renders all other facts immaterial. *Id.* at 323.

So, the question becomes whether Remar has presented evidence sufficient to establish its status as a *bona fide* encumbrancer.

**C. Collateral Estoppel**

But first Remar argues that the matter has already been preclusively decided by the 4th District California Court of Appeals in *Seay v. Ferrante,* (2009) WL 804936. But the collateral estoppel doctrine does not apply unless that parties are the same (or in privity) *and* the issues decided are identical, as is established by the very authority cited by Remar. *Bernhard v. Bank of America*, 19 Cal. 2d 807, 813 (1942). Remar's argument fails on both counts. Manifestly, the Trustee Thomas Casey was not in privity with Ferrante in the Court of Appeals case nor does this court see the issues as identical. The central question here is the revocability of the 518 Trust *by its terms*. In the Court of Appeals it appeared the argument was primarily that the trust was invalid or a sham as against creditors based on post establishment conduct. While those concepts are arguably somewhat related, they are hardly identical. Moreover, collateral estoppel is an equitable remedy which is not applied reflexively, but based

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**



on the requirements of equity. The court finds that equity does not prevent the Trustee or Seay from revisiting the questions presented here. The court has some leeway as to whether the equitable principle of collateral estoppel should apply. *Sandoval v. Superior Court*, 140 Cal. App. 3d 932, 941 (1983). Moreover, under the law-of-the-case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

**D. Statutory and case authority**

Cal. Probate Code § 18200 provides that property owned by a revocable trust is subject to the debts of its settlor. A judgment lien is created by the recording of an abstract of judgment with the county recorder. Cal. Code Civ. Proc. §697.310(a). Cal. Code. Civ. Proc. § 697.340(a) provides that a judgment lien attaches to all interests in real property, present or future, vested or contingent, legal or equitable, that are subject to enforcement against the judgment debtor. CCP § 697.340(a) contains an exception for interests of beneficiaries under a trust, but Movants do not assert that the Seay lien attached to the 518 Trust because Mr. Ferrante was a beneficiary of the trust, *but because he was the settlor*. As the settlor, Mr. Ferrante retained an equitable interest in the property of the 518 Trust assuming that it was revocable. When an abstract of judgment is recorded, the lien attaches to the assets of a settlor's revocable trust. *Bank One Texas v. Pollack,* 24 Cal.App.4th 973, 980 (1994); *Harbor Pipe & Steel, Inc. v. Stevens*, 2006 WL 856215 *3 (April 4, 2006).

Remar argues that *Bank One* is distinguishable because it dealt with different facts and a different statute. While that is true the distinction is without a difference. The question in *Bank One* concerned the relative priority between a judgment lien recorded only against the judgment debtor/settlor of a revocable trust and a trust deed executed subsequently by the trust in favor of Bank of Montreal. In *Bank One* the court held that former Probate Code 18201 replaced the old requirement that probate creditors disappointed by the creation of a revocable trust had the sole remedy of suing to avoid fraudulent conveyance. The *Bank One* court held that in contrast the statute allowed a creditor to reach the assets of the trust directly: "The judgment

creditor of such a deceased settlor need only have established a judgment lien against the settlor; thereafter the judgment creditor may levy a writ of execution directly on the trust assets which were subject to revocation during the settlor's lifetime. (citation omitted) Therefore, it appears no amendment of the judgment to add the trust as a judgment debtor was necessary. The judgment lien attached absolutely to the assets of the Pollack estate and provisionally to the assets of the trust when the abstract of judgment was recorded..." *Bank One* at 980. *Bank One* is cited favorably in *Harbor Pipe & Steel* for the proposition that recording of a judgment abstract acts to automatically create a lien on the assets of the settlor of a revocable trust, and that failure to record the lien directly in the chain of title (as for example against the settlor) does not change the priority of the lien as ahead of any subsequent lien. 2006 WL 856215at *3

Remar argues that the use of the word *provisionally* by the *Bank One* court is significant, since the statute as it then read contained qualifying language making such a revocable trust "subject to the claims of creditors of the decedent settlor's estate and to expenses of administration of the estate to the extent that the decedent settlor's estate is not adequate to satisfy those claims and expenses." But the *Bank One* court expressly noted the language change in its footnote 2 but did not really base its decision on the qualifying language of the statute *per se*. Moreover, the changed versions of Probate Code §§18200 and companion 18201 now merely provide that the assets of a revocable trust are subject to the claims against the settlor, without qualification. This is arguably, if anything, more permissive to the lien creditor, not less. Further, the same language as was in former §18201 is now found in §19001. So the word "provisionally" as used by the *Bank One* court is best explained by the fact that there was a precondition under the old statute that the assets of the settlor's estate be insufficient, but that did not stop the *Bank One* court from concluding that the lien had attached automatically without any further action by the judgment creditor. So, upon a quick reading (and as argued by the Movants) it would seem that *Bank One* and *Harbor Pipe & Steel* are conclusive on the priority question. But the court reads it slightly differently. *Bank One* and *Harbor Pipe & Steel* are really constructive notice cases. And in that there may be an important issue, but it ends up

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Tuesday, October 27, 2015** **Hearing Room 5B**

11:00 AM
**CONT... Robert A. Ferrante** **Chapter 7**

being resolved in favor of Movants. The distinguishing issue here is that the 518 Trust *is not revocable on its face*; it was determined to be so by this court only after careful analysis of the operative language and by this court disregarding labels and elevating substance. So, considered through the prism of constructive notice, Remar could argue that no one should reasonably be charged with notice of that which is not patent on the face of the trust instrument but which could only be noted after litigation.

**E. Constructive and Inquiry Notice**

In *Harbor Pipe* a married couple transferred property to a trust. An abstract of judgment was recorded against the couple in 2000 and in 2001 the trust sold the property. The buyers conducted a title search of the property and a search of records relating to the trust, but no search of the couple. The buyer's searches did not reveal the judgment lien. *Harbor Pipe* 2006 WL 856215 at *2. Relying on the decision in *Bank One*, the court held that the judgment lien attached directly to the assets in the trust. *Id.* at *3. The court then looked at whether the buyers were protected from enforcement of the lien as *bona fide* purchasers who took their interest in the property without knowledge or notice of the lien. *Id.* This court must conduct the same analysis with respect to Remar and the Seay lien.

In order to avoid being subject to the Seay lien, Remar must establish that it is a *bona fide* encumbrancer. A *bona fide* encumbrancer acts without knowledge or notice of competing liens on the subject property. *Triple A Management Co., Inc. v. Frisone,* 69 Cal.App.4th 520, 530 (1999). In *Harbor Pipe* the court concluded that the failure to record the lien directly in the chain of title or fact that the buyers did not have actual knowledge of the judgment lien were not dispositive on the issue of whether the buyers were *bona fide* purchasers. *Harbor Pipe & Steel*, WL 856215 *3-4. In the absence of conflicting knowledge, a good faith encumbrancer is entitled to rely on the recorded chain of title. *Triple A Management Co., Inc. v. Frisone*, 69 Cal.App.4th 520, 530 (1999). But, a subsequent encumbrancer cannot "view the record either through rose-colored glasses or with blinders on." *Id.* He cannot interpret ambiguities in his favor or ignore reasonable warning signs that appear in recorded

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Tuesday, October 27, 2015** **Hearing Room 5B**

11:00 AM
**CONT... Robert A. Ferrante** **Chapter 7**

documents. *Id.* at 531. A subsequent encumbrancer also cannot ignore information that comes from outside the recorded chain of title if the information puts him on notice of information that creates questions about what is reflected in the recorded chain of title. *Id.*

Movants argue that Remar had constructive notice of the Seay abstract of judgment from the documents it received when it made the loan. If Remar had read the documents it would have known that the property was owned by someone with a multi-million dollar judgment lien against him. Movants argue that even though the trust was described as irrevocable, there were sufficient facts that called that into question. Movants point to the fact that the 518 Trust allowed Ferrante to buy back the property, which is prohibited by QPRT regulations. Movants also note that Remar had actual knowledge that the 518 property had been transferred several times, that Ferrante was the settlor and Chacon was the trustee, but that at some point Seay had been the trustee as well. The 518 Trust instrument provided that the 518 property was to be held for the exclusive use of Ferrante but Remar had a lease between the 518 Trust and Shinn, probably in order to create ostensible ability to service the Remar loan. Movants assert (and Remar concedes) that Remar did not look at any of this information. But the court also notes that even Remar's expert Ms. Hilburg at ¶9 of her declaration concedes that one doing even a cursory title search would have found that the origin of title was via 9/29/06 deed from Trust III. And since the Seay judgment lien went on during the time Trust III held title, before title went back to the 518 Trust, and since Trust III was patently revocable, it follows under *Bank One* and *Harbor Pipe & Steel* that the Seay lien must have attached during that period, prior to 518 Trust's reacquisition. So, under California law, to be a *bona fide* encumbrancer one is bound to research not only the names of the trustees (which Ms. Hilburg suggests she did or would do) but far more importantly, *as well the name of the settlor of a revocable trust as the Trust III obviously was.*

The court is reinforced in this conclusion by all of the many other transactions concerning the 518 Trust as well, as outlined in the Movants brief, including but not

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Tuesday, October 27, 2015** **Hearing Room 5B**

11:00 AM
**CONT... Robert A. Ferrante Chapter 7**

limited to, the purported lease to Shinn (which may have been obtained specifically as support to the Remar loan) which was clearly antithetical to the requirements of a QPRT. It is not a stretch to conclude that an encumbrancer should also be charged with the knowledge that a valid QPRT by regulation does not allow others to lease the property during the course of the trust, nor is it allowed for a settlor to buy back the property before the expiration as was the case here, *by express provisions of the 518 Trust.* So, while the 518 Trust does have the word "irrevocable" the court finds that this alone is not sufficient to fulfill the duty of inquiry. There were too many other warning signs in documents that Remar concedes receiving for it to be regarded as a *bona fide* encumbrancer. Civil Code §19 charges parties like Remar with that notice which would have resulted from a reasonable inquiry and parties are presumed to have knowledge of California law. *Harbor Pipe & Steel* at *4; *Triple A Management Co*.v. *Frisone, 69 Cal. App. 4th* at 531. So, the fact that Mr. Miller may have relied on some documents and ignored others is hardly determinative. All that proves is that his review was inadequate, not that Remar enjoys thereby the status of a *bona fide* encumbrancer.

Remar claims there are disputed issues of fact with respect to its status as a *bona fide* encumbrancer precluding summary judgment. Remar claims it was entitled to rely on trust certifications that stated that the 518 Trust was irrevocable and that Cal. Evid. Code §662 creates a presumption that the owner of legal title to property is presumed to be the owner of full beneficial title.

The issue before the Court is much narrower than what Remar presents, and on this issue there does not appear to be disputed issues of material fact. All the court considers at this time is whether there was any conflicting information that would have precluded Remar from relying alone on the chain of title. If there was information that created questions about chain of title, Remar was not entitled to ignore it. Remar is presumed to have knowledge of California law, and therefore that assets in a revocable trust are subject to the claims of creditors of the settlor. *Harbor Pipe & Steel, Inc.*, 2006 WL 856215 *4. The Trustee provides an extensive list of transactions and documents that could have created questions for Remar regarding the

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**



status of the 518 Trust. In a declaration dated July 11, 2013, Daniel Miller, Manager of Remar, stated that Remar received numerous documents including the 518 Trust instrument, a certification of trust and a lease between the 518 Trust and Shinn. [Decl. of Brendan Loper, Exh. 4, p. 2] The declaration filed by Mr. Miller in support of Remar's opposition does not create disputed issues of fact. It simply confirms that no additional investigation was conducted. Some research into the provisions of the trust instrument and the existence of the lease should have created questions about the QPRT status of the trust, and therefore its revocability (since the 518 Trust provides it is revoked when QPRT status is lost). The identity of the settlor of the 518 Trust, Ferrante, would also be known from these documents. Under these circumstances, like in the *Harbor Pipe& Steel*, a reasonably prudent person would have checked the public records for the 518 Trust and Ferrante individually. *Id.* at *5. As a result, Remar should be found to have constructive knowledge of whatever such a search would uncover. This conclusion is not changed by the declaration of Lore Hilburg, who apparently did not conduct a search for judgments against Ferrante personally. Movants note that Ms. Milburg's chain of title research reveals that the 518 property was held by the patently revocable 518 Trust III *when the Seay lien was recorded.* Since Remar is charged as well with knowledge of California law, the doctrine as explained in *Bank One* and *Harbor Pipe & Steel* that a judgment lien in the name of the settlor automatically attaches to the assets of his revocable trust, must likewise be imputed.

Remar's other arguments do not have merit either. Remar argues that it was entitled to rely on the trust certifications pursuant to Cal. Probate Code § 18100.5(f). Movants contend that Mr. Miller previously testified that he did not recall receiving trust certifications, so reliance is a hard element for Remar to rest upon; but even if Remar did have the certifications, Mr. Miller stated that it also had the trust instrument, which contradicted the certification. All this should have created more questions and highlight the need for further investigation. The court does not read this section as allowing the "rose colored glasses" decried in *Triple A Management v. Frisone,* 69 Cal. App. 4th at 530. At best §18100.5(f) provides that a transaction entered into in reliance on the trust certification is "enforceable." But enforceability is

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Tuesday, October 27, 2015** **Hearing Room 5B**

11:00 AM
**CONT...** **Robert A. Ferrante** **Chapter 7**

not the issue; relative priority is. Without offering any analysis, Remar cites to Cal. Evid. Code §662. This section only provides that the owner of legal title is presumed to be the owner of full beneficial title. But this presumption is not relevant here because the ownership of the property is not at issue.

There do not appear to be any disputed issues of material fact here and only one legal conclusion. Or at very best Remar does not carry its burden of showing that it is a *bona fide* encumbrancer as is required in the Rule 56 context under *Celotex Corporation v. Catrett*, 477 U.S. at 322. The main wrinkle is that the 518 Trust was written as a QPRT and on its face it was described as "irrevocable." But as this court has previously found (and Movants describe in their papers), there were several reasons to question that description in the documents surrounding the 518 Trust, namely that Ferrante had the right to purchase the property and the 518 Trust had entered into a lease with Shinn, antithetical to a QPRT. In this version of QPRT, the loss of QPRT results in immediate revocation and re-vesting in the settlor. Further, the immediate predecessor in title Trust III was patently revocable and so the Seay lien had already attached under governing case law. Remar is charged with the knowledge of the law, and therefore that a revocable trust is subject to the claims of the settlor's creditors. With all of the transactions the 518 property had been involved with and the numerous changes in control of the Trust are considered, Remar should have questioned the chain of title. A simple search for liens against Ferrante would have found the Seay lien and Remar is charged with the results of that search. Therefore, Remar was not a good faith encumbrancer and takes the property subject to the Seay lien.

*Grant*

---

Tentative for 9/1/15:

The court had expected further briefing on issues identified in tentative.

# Exhibit “6”

Thomas A. Vogele, Esq. (SBN 254557)
Timothy M. Kowal, Esq. (SBN 254709)
Brendan M. Loper, Esq. (SBN 282198)
THOMAS VOGELE & ASSOCIATES, APC
3199 Airport Loop Drive, Suite A-3
Costa Mesa, California 92626
Telephone: (714) 641-1232
Facsimile: (888) 391-4105
Email: tvogele@tvalaw.com

Special Litigation Counsel for Chapter 7 Trustee, Thomas H. Casey.

FILED & ENTERED

FEB 16 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY deramus DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In Re<br><br>ROBERT A. FERRANTE,<br><br>Debtor. | Bankruptcy Case No.: 8:10-BK-10310-TA<br><br>Lead Adv. Case No.: 8:13-AP-01204-TA<br><br>Action Filed: June 7, 2013<br>Trial Date: None Set |
| LT. COL. WILLIAM SEAY (U.S.M.C., Ret.),<br><br>Plaintiff,<br><br>vs.<br><br>REMAR INVESTMENTS, LP, a Nevada limited partnership, et al.<br><br>Defendant(s). | Consolidated Adv. Case No.: 8:14-AP-01194-TA<br><br>Action Filed: June 23, 2014<br>Trial Date: None Set<br><br>Chapter 7<br><br>Courtroom: 5B<br><br>**ORDER ENTERING JUDGMENT ON PLAINTIFF TRUSTEE'S FOURTH CLAIM, FOR DECLARATORY RELIEF, AND COL. SEAY'S FIRST AND THIRD CLAIMS, FOR DECLARATORY RELIEF, IN THE CONSOLIDATED COMPLAINT**<br><br>**<u>See Order issued Jan. 28, 2016, #291 on the Court's docket</u>** |
| AND CONSOLIDATED ACTION AND RELATED COUNTER ACTIONS | Hearing on Motion to Correct, Modify or Strike Order of Nov. 18, 2015 was held:<br><br>Date: January 7, 2016<br>Hearing Time: 11:00 a.m.<br>Courtroom: 5B |

On November 18, 2015 the Court entered an order granting the joint motion of judgment creditor Lt. Col. William Seay ("Col. Seay") and Chapter 7 Trustee Thomas H. Casey (the "Trustee") for summary judgment that a judgment lien recorded in favor of Col. Seay against Robert A. Ferrante (the "Seay Judgment Lien") attached to real property located at 518 Harbor Island Drive, Newport Beach, California (the "518 Property") on May 20, 2004 in the amount of $2,471,057.16. [Docket No. 277.] It is undisputed that a deed of trust was recorded against the 518 Property by defendant and counter-claimant REMAR Investments, LP ("REMAR") on December 27, 2010 (the "REMAR DOT").

On January 7, 2016, at 11:00 a.m. in Courtroom 5B of the above-mentioned Court, the Motion to Correct, Modify or Strike Order of November 18, 2015 ("Motion"), filed by REMAR was denied.

In light of those orders and findings, and having considered the relevant moving, opposition, and reply papers in support thereof, the attached declarations and evidence, and oral argument offered at the several hearings, and GOOD CAUSE appearing therefor, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

(1) That a declaratory judgment issue pursuant to the Trustee's fourth cause of action contained in the consolidated complaint filed on May 15, 2015 ("Consolidated Complaint") as well as Col. Seay's first and third causes of action contained in the Consolidated Complaint, pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, establishing that the Seay Judgment Lien attached to the 518 Property on May 20, 2004 in the amount of $2,471,057.16, in a senior position to the deed of trust recorded by REMAR on December 27, 2010 against the 518 Property, and said judgment was thereafter timely renewed as provided by law and accrued interest as allowed by law;

(2) That REMAR was not a good faith encumbrancer or transferee of the 518 Property and was not a bona fide encumbrancer of the 518 Property;

(3) That judgment is therefore entered in favor of the Trustee on the Trustee's Fourth Claim for Declaratory Relief Re Lien Priority in the Consolidated Complaint, in that the Seay Judgment Lien was perfected on May 20, 2004 in the amount of $2,471,057.16, and accrued interest and was extended as required by law thereafter and is senior to any lien claimed to be held by REMAR against the 518 Property;

(4) That judgment is therefore also entered for the same reasons on Col. Seay's First Claim for Relief Seeking Declaratory Relief that the REMAR DOT is Junior to the Seay Judgment Lien under Federal Rule of Bankruptcy Procedure 7001, subdivisions (2) and (9); and

(5) That judgment is also entered on Col. Seay's Third Claim for Relief Seeking Declaratory Relief Re Perfection of Seay Judgment Lien under Federal Rule of Bankruptcy Procedure 7001, subdivisions (2) and (9). The court adjudges and decrees for the reasons stated in its prior order of November 18, 2015, that REMAR was not a good faith encumbrancer and took title to the 518 Property, if at all, junior to the Seay Judgment Lien. The court incorporates by reference the recitals made herein regarding the trustee's judgment and adjudges that the Seay Judgment Lien was perfected in the amount of $2,471,057.16 on May 20, 2004 and was thereafter renewed in a timely manner as provided by law and accrued interest as provided by law.

/ / /

/ / /

/ / /

(6) The Court will make a judicial determination as to the prevailing parties and any requests for attorneys' fees and costs upon noticed motion, with any such fees and costs so awarded to be entered nunc pro tunc by the clerk to this judgment.

###

Date: February 16, 2016

Theodor C. Albert
United States Bankruptcy Judge

# Exhibit "7"

Thomas H. Casey - Bar No. 138264
Kathleen J. McCarthy - Bar No. 132637
LAW OFFICE OF THOMAS H. CASEY, INC.
A PROFESSIONAL CORPORATION
22342 Avenida Empresa, Suite 200
Rancho Santa Margarita, CA 92688
Telephone: (949) 766-8787
Facsimile: (949) 766-9896
Email: TomCasey@tomcaseylaw.com

Attorney for Thomas H. Casey Chapter 7 Bankruptcy Trustee

FILED & ENTERED

DEC 08 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY deramus DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CHANGES MADE BY COURT

CENTRAL DISTRICT OF CALIFORNIA / SANTA ANA DIVISION

In re

ROBERT A. FERRANTE,

Debtor.

Case No.: 8:10-bk-10310-TA

Chapter 7

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR ORDER (1) AUTHORIZING SALE OF ESTATE'S INTEREST IN REAL PROPERTY (518 Harbor Island Drive, Newport Beach, CA) FREE AND CLEAR OF LIENS AND ENCUMBRANCES PER *11 U.S.C. §§363(b) AND 363(f)*, WITH DISPUTED LIENS TO ATTACH TO THE SALE PROCEEDS PENDING FURTHER COURT ORDER; (2) APPROVING COMPENSATION OF TRUSTEE'S REAL ESTATE AGENT; (3) DEEMING PROPOSED BUYERS TO BE GOOD FAITH PURCHASERS UNDER *11 U.S.C. §363(m);* (4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; AND (5) WAIVING 14 DAY STAY IMPOSED BY *FRBP 6004(h)***

Hearing Dates/Time:
Date: October 25, 2016
Time: 11:00 a.m.
Ctrm: 5B

Date: November 8, 2016
Time: 2:00 p.m.
Ctrm: 5B

**CHANGES MADE BY COURT AS BOLDED AND UNDERLINED AT PAGE 2 (SEE PAGE 3 ALSO)**

The Motion of Thomas H. Casey, Chapter 7 Trustee (the "Trustee") of the estate of Robert A. Ferrante ("Debtor") for an Order (1) Authorizing Sale Of Estate's Interest In Real Property (518 Harbor Island Drive, Newport Beach, Ca) Free And Clear Of Liens And Encumbrances Per *11 U.S.C. §§363(b)* and *363(f)*, With Disputed Liens To Attach To The Sale Proceeds Pending Further Court Order; (2) Approving Compensation Of Trustee's Real Estate Agent; (3) Deeming Proposed Buyers To Be Good Faith Purchasers Under *11 U.S.C. §363(m);* (4) Authorizing Distribution Of Sale Proceeds; and (5) Waiving 14 Day Stay Imposed By *FRBP 6004(h)*("Motion") came on for hearing on October 25, 2016 and November 8, 2016, the Honorable Theodor C. Albert, United States Bankruptcy Judge, presiding.

Appearances were made by Kathleen J. McCarthy of the Law Office of Thomas H. Casey, Inc., counsel for the Trustee; Brendan M. Loper of Thomas Vogele and Associates, special counsel for the Trustee; the Trustee, Thomas H. Casey; Richard W. Millar, Jr. of Millar, Hodges & Bemis, counsel for Remar Investments, LP ("Remar"); Brian C. Lysaght of Lysaght Law Group, LLP, counsel for Col. William Seay ("Col. Seay"); AUSA Elan Levey, counsel for the United States of America, on behalf of its agency the Department of Justice; and AUSA Jolene Tanner, counsel for the United States of America, on behalf of its agency the Internal Revenue Service ("IRS") Tim Smith, Real Estate Agent for the Trustee; and the Buyer, the Swartzbaugh Family Trust by its trustees, Jim Swartzbaugh and Madonna Lynn Swartzbaugh.

**<u>The Court's tentative for the November 8, 2016 hearing was filed on November 14, 2016 as #318 on the Court's docket.</u>**

The Court having considered the Motion, Supplement, Notices of Hearings, Declarations in Support, and Replies filed by the Trustee [Dkt. #285] [Dkt. #286] [Dkt. #287] [Dkt. #298] [Dkt. #300] [Dkt. #309] [Dkt. #310] [Dkt. #315], the Oppositions filed by Remar [Dkt. #293]

Case 8:17-bk-10301-TA Doc 332 Filed 12/08/16 Entered 12/08/16 10:18:02 Desc
Main Document Page 49 of 56

[Dkt. #311], Col. Seay [Dkt. #299] [Dkt. #302] [Dkt. #313] [Dkt. #316], the IRS [Dkt. #301], and Franklin Lane [Dkt. #294], Col. Seay's lack of consent to the sale free and clear of his lien, and Col. Seay's objection to any distribution to Bank of America, and proper notice having been given, and good cause having been shown,

**IT IS HEREBY ORDERED that the Trustee's Sale Motion is granted on the basis as provided in the tentative ruling for the hearing on November 8, 2016, which incorporates the tentative ruling for the hearing on October 25, 2016, filed with the Court on November 14, 2016 as Docket #318 and incorporated herein as Exhibit "A";**

**IT IS FURTHER ORDERED** that the Trustee's sale of the real property legally described as follows:

Real property in the City of Newport Beach, County of Orange, State of California, described as follows:

PARCEL 1:
LOT 38 OF TRACT NO. 3867, IN THE CITY OF NEWPORT BEACH, COUNTY OF ORANGE, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 301, PAGES 40 TO 46 INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. EXCEPT ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN THAT MAY BE WITHIN OR UNDER SAID LAND, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM SAID LAND OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THOSE HEREINABOVE DESCRIBED, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR CROSS THE SUBSURFACE OF THE LAND HEREINABOVE DESCRIBED AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELL, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR WELL, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES, WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE AND OPERATE THROUGH THE SURFACE OR THE UPPER 500 FEET OF THE SUBSURFACE OF THE LAND HEREINABOVE DESCRIBED, AS RESERVED IN THE DEED RECORDED APRIL 23, 1973. ALSO EXCEPTING SUBSURFACE WATER RIGHTS, BUT WITHOUT THE RIGHT OF ENTRY TO THE SURFACE OR THE SUBSURFACE ABOVE A DEPTH OF 500 FEET AS DEDICATED ON THE MAP OF SAID TRACT.

PARCEL 2:
AN EXCLUSIVE APPURTENANT EASEMENT FOR PIER MOORING AND MAINTENANCE PURPOSES OVER
THAT PORTION OF LOT A OF TRACT NO. 3867, AS PER MAP RECORDED IN BOOK 301 PAGES 40 TO 46 INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY

RECORDER OF SAID COUNTY, ADJOINING SAID LOT DESCRIBED IN PARCEL 1 ABOVE, LYING BETWEEN THE BULKHEAD LINE AND PIERHEAD LINE AND THE PROLONGED SIDE PROPERTY LINES OF PARCEL 1 ABOVE, AS SHOWN ON THE MAP OF SAID TRACT.

A.P.N.: 050-421-35

to the Buyer, the Swartzbaugh Family Trust, pursuant to *11 U.S.C. Section 363(b) and 363(f)* as provided for in the Purchase Agreement for the purchase price of $4,800,000 free and clear of liens, with liens to attach to the sale proceeds is approved;

**IT IS FURTHER ORDERED** that the compensation of the Trustee’s Real Estate Agent, Tim Smith of Coldwell Banker Residential Brokerage is approved;

**IT IS FURTHER ORDERED** that the distribution of sale proceeds is approved as follows:

a. For normal closing costs, including current and past due real estate taxes, if any;

b. To Bank of America in the approximate amount of $1,065,391.08, pursuant to its demand in escrow, and subject to the Trustee’s review and approval prior to distribution;

c. To the FTB in the approximate amount of $232,447.19, pursuant to its demand in escrow, and subject to the Trustee’s review and approval prior to distribution;

d. To the EDD in the approximate amount of $6,055.92, pursuant to its demand in escrow, and subject to the Trustee’s review and approval prior to distribution;

e. To Tim Smith of Coldwell Banker Residential Brokerage, the Trustee’s Real Estate Agent, in an amount not greater than five per cent (5%) of the sale price, in accordance with the terms of the proposed Order employing Mr. Smith, subject to the Trustee’s review and approval prior to distribution;

f. To the bankruptcy estate, the remaining proceeds to be held by the Trustee in a segregated account which shall remain subject to the remaining liens as set forth in the Motion until further order of the Court.

**IT IS FURTHER ORDERED** that the negotiations between the Trustee and the Buyer, Swartzbaugh Family Trust, were at arm’s length, and there being an absence of evidence of collusive conduct and an absence of evidence of any connections by the Swartzbaugh Family

Trust to the Debtor, except as provided in the Motion, the Trustee and any party in interest, the Court concludes the Buyer, the Swartzbaugh Family Trust, is a “good faith purchaser” under *11 U.S.C. Section 363(m)*;

**IT IS FURTHER ORDERED** that the stay of this order provided by Bankruptcy Rule 6004(h) is hereby waived; and,

**IT IS FURTHER ORDERED** that the Trustee is authorized to sign any and all documents necessary, and to undertake any non-material amendments and modifications necessary, to complete the sale without further notice, hearing or Court order.

###

Date: December 8, 2016

Theodor C. Albert
United States Bankruptcy Judge

B1040 (FORM 1040) (12/15)

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER** (Court Use Only)

**PLAINTIFFS**
Thomas H. Casey, Chapter 7 Trustee

**DEFENDANTS**
Mia Ferrante

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Brendan M. Loper, THOMAS VOGELE & ASSOC., APC
3199 Airport Loop Drive, Suite A3, Costa Mesa, CA 92626
(714) 641-1232

**ATTORNEYS** (If Known)
D. Edward Hays, MARSHACK HAYS LLP
870 Roosevelt, Irvine, CA 92620, (949) 333-7777

**PARTY** (Check One Box Only)
☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor ☐ Other
☒ Trustee

**PARTY** (Check One Box Only)
☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Plaintiff seeks a declaratory judgment that (1) a lien created in favor of defendant against property held by debtor Robert A. Ferrante was extinguished in 2012 by a recorded reconveyance; (2) in the alternative, that defendant is not entitled to any proceeds from sale of real property of the debtor because there are no surplus proceeds

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law

☐ Check if this is asserted to be a class action under FRCP 23

☐ Check if a jury trial is demanded in complaint

Demand $ 0.00

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Robert A. Ferrante | BANKRUPTCY CASE NO.<br>8:10-bk-10310-TA | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Theodor C. Albert |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF<br>Thomas H. Casey, Chapter 7 Trustee | DEFENDANT<br>Robert Ferrante, et al. | ADVERSARY<br>PROCEEDING NO.<br>8:12-ap-01330-TA |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Theodor C. Albert |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>February 20, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Brendan M. Loper | |

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Thomas A. Vogele, Esq. (SBN 254557)<br>Timothy M. Kowal, Esq. (SBN 254709)<br>Brendan M. Loper, Esq. (SBN 282198)<br>THOMAS VOGELE & ASSOCIATES, APC<br>3199 Airport Loop Drive, Suite A-3<br>Costa Mesa, California 92626<br>Telephone: (714) 641-1232<br>Facsimile: (888) 391-4105<br>Email: tvogele@tvalaw.com<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br>Robert A. Ferrante<br><br>Debtor(s). | CASE NO.: 8:10-BK-10310-TA<br>CHAPTER: 7<br>ADVERSARY NO.: |
| Thomas H. Casey, Chapter 7 Trustee,<br><br>Plaintiff(s)<br>Versus<br>Mia Ferrante,<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____________. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Hearing Date:** _____________<br>**Time:** ________<br>**Courtroom:** ________ | **Address:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☒ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____________

By: ________________________________________
Deputy Clerk

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

______________________________________________

______________________________________________

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _______________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _______________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| *Date* | *Printed Name* | *Signature* |
|---|---|---|